**MIN XIN CHENG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–4078–ag.

United States Court of Appeals,
Second Circuit.

Jan. 18, 2006.

Farah Loftus, Law Office of Farah Loftus, Los Angeles, California, for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey, Donna A. Krappa, Assistant United States Attorney, Newark, New Jersey, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Min Xin Cheng ("Cheng"), through counsel, petitions this Court for review of the BIA decision affirming, without opinion, the decision of an immigration judge ("IJ") denying his application for asylum and withholding of removal. Cheng also moves to stay his removal pending resolution of his claims. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

■ Here, the IJ relied on the apparent inconsistency between Cheng's testimony and the letters sent by his wife in support of his application; while Cheng testified that his wife underwent a cesarian section, the letters purportedly indicate that she had an abortion. However, the record is clear that another document in the record had been mistranslated to read abortion, rather than cesarian section, and the IJ denied counsel's request to have the interpreter re-translate Cheng's wife's letters. Given the error in translation that occurred with another document, the IJ's reliance on the inconsistent language used by Cheng and his wife is not sufficiently convincing or logical to support the adverse credibility finding. *See Zhou Yun Zhang*, 386 F.3d at 74 (explaining that this

Court's review "is meant to ensure that credibility findings are based upon neither a misstatement of the facts in the record or bald speculation or caprice"). Further, in refusing to permit the interpreter to translate the letters, the IJ most likely violated his "duty to develop the record fully and fairly." *Kaur v. Ashcroft*, 388 F.3d 734, 737 (9th Cir.2004). Additionally, Cheng's claim for asylum was that his wife's mistreatment by Chinese family planning officials caused the death of her baby at birth, and, thus, his wife was essentially forced to abort the child. In this sense, Cheng's testimony and his wife's letters may not have been inconsistent, as they both asserted that his wife had an abortion. Moreover, the inconsistency between Cheng's application and testimony regarding the number of intra-uterine devices his wife was forced to have inserted was minor and isolated and cannot, alone, support the IJ's denial of Cheng's application. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000). Thus, because the IJ's adverse credibility determination was not based on "specific, cogent reasons," the decision was not based on substantial evidence. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004).

Although Cheng may not have provided sufficient information to support the merits of an asylum claim, the IJ relied solely on the adverse credibility determination in denying the application and this Court may "not search the record independently for a basis to affirm the BIA." *Secaida–Rosales*, 331 F.3d at 305. We express no opinion on Cheng's ability, on remand, to meet the standard for granting asylum.

■ Additionally, the IJ's denial of Cheng's claim for withholding of removal also is not based on substantial evidence, as the IJ failed to provide any reasoning for the denial. *See Ramsameachire*, 357

F.3d at 178 (explaining that "[c]laims for withholding of removal ... are closely related to asylum, but the Attorney General must grant withholding of removal to aliens who have established the necessary elements").

Accordingly, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings.

Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument in this proceeding is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).